**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-30942

TRACY COMMINGS,

Plaintiff - Appellant

v.

MIKE HOOKS INC,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1099

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

I.

In October 2006, Tracy Commings started a job with Mike Hooks, Inc. ("MHI"), a dredging operation engaged by the United States Army Corps of Engineers to dredge the Ott Bayou Channel in Biloxi, Mississippi. Commings was hired as a deckhand.

During the dredging, certain pontoons drifted away from the worksite and beached in shallow waters at a nearby barrier island. To retrieve the pontoons,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commings, Warren Holton, and Jeffrey Harrison boarded an eighteen-foot survey skiff. Holton was the Lead Engineer and the Designated Site Safety Health Officer for the dredging operation. Harrison, a mate, was Commings's direct supervisor. The three intended to maneuver the skiff as close as possible to the pontoons. Commings was then to enter the water, swim or walk to the pontoons, and attach a line. The skiff would then pull the pontoons back to the worksite.

Once the skiff was in position, however, Commings grabbed the line and dived head first into the shallow water, severely injuring his neck and back. He was taken to the hospital and subsequently released. Soon thereafter, a neurosurgeon diagnosed him with a compression fracture, and Commings underwent surgery.

## II.

In February 2007, Commings, seeking compensation for his injuries, filed this negligence suit under general maritime law and the Jones Act, 46 U.S.C. §§ 30104-30105(b). He subsequently moved for partial summary judgment, attempting to prevent MHI from asserting the defense of contributory negligence, on the grounds that his injury was caused in part by MHI's violation of an Occupation Safety and Health Administration ("OSHA") regulation. The district court denied that motion, and a bench trial followed.

As the trier of fact, the court found Commings's testimony regarding the accident to be unreliable. Accepting the testimony of Harrison and Holt, the court concluded that Harrison warned Commings that the water was only two to three feet deep and instructed him to "scoot" off the bow of the skiff into the water. The court further found Commings contributorily negligent and assigned ninety percent liability to Commings and ten percent to MHI. After a damages hearing, the court assessed $18,617 for lost wages and $200,000 for past pain

and suffering. In the light of Commings's own negligence, the court awarded him ten percent of this amount. Commings now appeals.

## III.

### A.

Commings builds his case on the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, which bars the defense of contributory negligence where the plaintiff's injury was caused, at least in part, by the defendant's violation of "any statute enacted for the safety of employees." 45 U.S.C. § 54. FELA applies to railroads, but its substantive provisions, including § 54, are incorporated into the Jones Act. *In re Roy Crook And Sons, Inc. v. Allen*, 778 F.2d 1037, 1038 (5th Cir. 1985).

Commings argues that MHI cannot assert contributory negligence because MHI, by not providing a ladder for him to exit the skiff, violated an OSHA regulation requiring employers to provide a stairway or ladder at certain points of access for personnel. Thus, whether MHI's contributory negligence defense is barred depends first on whether MHI did violate an OSHA regulation, and then on whether an OSHA violation can ever bar a contributory negligence defense. Because we hold that the regulation in question does not apply, we need not consider whether an OSHA violation can ever bar an assertion of contributory negligence.[1]

---

[1] The Occupational Safety and Health Act itself provides that it may not be construed to "enlarge or diminish or affect in any other manner the common law or statutory rights, duties or liabilities of employers or employees." 29 U.S.C. § 653(b)(4). The other circuits that have considered the question of whether this language prevents an OSHA violation from triggering FELA's contributory negligence bar are split. *Compare Jones v. Spentonbush-Red Star Co.*, 155 F.3d 587, 596 (2d Cir. 1998) (concluding that an OSHA violation does not preclude a defendant from asserting contributory negligence) *and Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1162 (3d Cir. 1992) (same) *with Pratico v. Portland Terminal Co.*, 783 F.2d 255 (1st Cir. 1985) (holding that an OSHA violation can trigger FELA's contributory negligence bar); *contra Elliot v. S.D. Warren Co.*, 134 F.3d 1, 4 (1st Cir. 1998) (questioning the continuing validity of *Pratico*).

The parties agree that the skiff was required to comply with applicable OSHA regulations but MHI disputes that 29 C.F.R. § 1926.1051 is such an applicable regulation. Section 1926.1051 states that "[a] stairway or ladder shall be provided at all personnel points of access where there is a break in elevation of 19 inches (48 cm) or more, and no ramp, runway, sloped embankment, or personnel hoist is provided." However, the regulation is found in Part 1926 of the code, which applies "to every employment and place of employment of every employee engaged in *construction work*." 29 C.F.R. § 1910.12(a) (emphasis added). The regulations in turn define "construction work" as "work for construction, alteration, and/or repair, including painting and decorating." *Id.* § 1910.12(b). The district court found that the OSHA regulation did not apply to Commings's situation and we agree.

Commings was hired as a deckhand and was retrieving a pontoon when he was injured, and he does not present any convincing reasons for us to find that his activities constitute "construction work" under the OSHA regulations. Commings raises two cases in support of his argument that § 1926.1051 does not apply only to construction work, but neither case directly addressed the applicability of Part 1926 OSHA regulations to deckhands or other vessel employees. *In re Norfolk Dredging Co.*, 783 F.2d 1526 (11th Cir. 1986), involved a jurisdictional dispute between the Coast Guard and OSHA over a dredging barge. The Eleventh Circuit held that OSHA had jurisdiction, citing a regulation from Part 1926, but did not discuss the regulation's applicability. In a Louisiana case, *Terrebonne v. B&J Martin, Inc.*, 906 So. 2d 431 (La. Ct. App. 2004), a Jones Act plaintiff argued that the defendant was liable in part because it violated a Part 1926 OSHA regulation. The court, however, based its finding of liability on Jones Act negligence and unseaworthiness and did not consider the OSHA regulation's applicability. Because the facts of Commings's injury simply do not suggest that he was engaged in "construction," the OSHA

regulation does not apply and any purported barrier to asserting contributory negligence is also inapplicable.

B.

Commings raises two additional issues. First, he contends that the district court erred in its apportionment of fault. Second, he argues that the district court's damages calculation is too low. Each of these issues is reviewed for clear error. *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005); *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994). After considering the parties' briefs and reviewing the record, we can find no reversible error in the district court's determination of these issues.

The fault apportionment was based primarily on the district court's conclusion that defendant's witnesses were far more credible than Commings. The district court concluded that Harrison warned Commings about the depth of the water and instructed him to "scoot" off the bow. This conclusion is supported by the record.

In calculating the damage award, the court reasonably relied upon doctor reports and the video surveillance taken of Commings after his surgery. This video, as the district court noted, shows Commings moving without restraint. Accordingly, we find no clear error concerning the damages determination.

IV.

For the reasons stated above, the judgment of the district court is

AFFIRMED.